

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WINNER,<br><br>    Movant,<br><br>v.<br><br>INSPECTOR GENERAL OF THE<br>NATIONAL SCIENCE FOUNDATION,<br><br>    Respondent<br>_____/ | No. C-07-80212 MISC MMC<br><br>**ORDER DENYING MOTION FOR ORDER PURSUANT TO CUSTOMER CHALLENGE PROVISIONS OF RIGHT TO FINANCIAL PRIVACY ACT** |

    Before the Court is movant Michael Winner's ("Winner") "Motion for Order Pursuant to Customer Challenge Provisions of the Right to Financial Privacy Act of 1978," filed August 29, 2007, and respondent National Science Foundation Inspector General's response thereto.

    Under 12 U.S.C. § 3410, a customer of a financial institution to whom an administrative summons has been served may move to quash the summons. See 12 U.S.C. § 3410(a). Such motion must be supported by a sworn statement "stating the applicant's reasons for believing that the financial records are not relevant to the legitimate law enforcement inquiry stated by the Government authority in its notice, or that there has not been substantial compliance with the provisions of [chapter 35 of title 12]." See 12 U.S.C. § 3410(a)(2).

Here, Winner seeks an order quashing a subpoena duces tecum served by respondent on JPMorganChase, by which respondent seeks "all documents and information pertaining to [a specific] VISA account" in Winner's name. (See Supp. to Movant's Mot., filed September 6, 2007.) Winner asserts, in a sworn statement, that he believes the justification set forth in the subpoena "lacks specificity." Further, Winner argues that, in any event, there is no showing his "entire financial history pertaining" to the VISA number in question should be disclosed to respondent, and, consequently, an "appropriate time frame" should be stated in the subpoena.

Respondent's response to the motion consists of a sworn statement by Montgomery K. Fisher, Senior Counsel, Office of Investigations, Office of Inspector General, National Science Foundation.[1] According to respondent, it is investigating reports from three women that an individual placed advertisements on the internet site sfbay.craigslist.org, in which he assertedly misrepresented himself as a researcher employed by the National Science Foundation, and attempted to lure or, in some cases, lured women to hotel rooms to engage in certain "research." According to respondents, the women who went to the hotel rooms report they were asked to sign a "non-disclosure agreement" in which the National Science Foundation's seal was included. Respondent also states it has learned the VISA account in question was used to rent the hotel rooms to which the women were lured.

Where a respondent shows that the "law enforcement inquiry is legitimate" and that there is a "reasonable belief that the records sought are relevant to that inquiry," the district court "shall" deny the motion to quash and order the process enforced. See 12 U.S.C. § 3410(c). Here, the Court finds respondents have met their burden. See 18 U.S.C. § 506(a)(2) (prohibiting knowing use of counterfeited seal of federal agency); 18 U.S.C. § 701 (prohibiting unauthorized possession or use of "colorable imitation" of insignia of federal agency); 18 U.S.C. § 912 (prohibiting false impersonation of federal employee); 18

---

[1] Although respondent was not required to file any response until ordered to do so by the Court, see 12 U.S.C. § 3410(b), respondent chose to file a response before the Court had issued any order so directing respondent.

1  U.S.C. § 1017 (prohibiting wrongful affixing of federal agency seal to any document).

2  Further, because the records in question may reasonably shed light on the time period in which the alleged false impersonation and misuse of a government seal may have occurred, the Court finds Winner is not entitled to an order limiting the temporal scope of the subpoena.[2]

Accordingly, the Court will deny the motion and will, upon submission of an appropriate proposed order from respondent, order the process enforced.

**CONCLUSION**

For the reasons stated, Winner's motion is hereby DENIED.

If respondent seeks an order enforcing the process, respondent shall, no later than September 28, 2007, submit an appropriate proposed order.

**IT IS SO ORDERED.**

Dated:  September 21, 2007

MAXINE M. CHESNEY
United States District Judge

---

[2] Although the Court afforded Winner the opportunity to submit a proposed order setting forth the specific relief he sought, (see Order, filed September 4, 2007), Winner did not submit a proposed order, and, consequently, has failed to suggest any appropriate limiting period.